AL-SCO REALTY COMPANY, INC., a corporation of the State of New Jersey, complainant-respondent,

*v.*

SUBURBAN APARTMENT CORP., a corporation of the State of New Jersey, defendant-appellant.

[Argued May 22d, 1947.  Decided October 31st, 1947.]

*Messrs. Milton M. & Adrian M. Unger (Mr. Milton M. Unger,* of counsel), for the appellant.

*Messrs. Milton, McNulty & Augelli (Mr. Joseph Keane* and *Mr. Sanford Freedman,* of counsel), for the respondent.

The opinion of the court was delivered by

MCGEEHAN, J.

This appeal brings up for review a final decree of the Chancellor, made on the advice of Vice-Chancellor Egan, which requires the defendant below to execute and deliver to complainant below an assignment of the leasehold owned and held by the defendant, covering certain premises in Jersey City, New Jersey, on payment to the defendant of the $30,000 purchase price; such payment to be made by the complainant assuming and agreeing to pay a certain mortgage upon said leasehold (the principal balance owing thereon being $12,500) and paying in cash an amount which, when added to the principal amount due on the mortgage, will amount to $30,000, all subject to the usual adjustments.

The facts are set forth in full in the opinion of the learned Vice-Chancellor. Julius Vinik, who has been in the real estate business for twenty years, is the president and principal stockholder of the defendant corporation, and the complainant, Al-Sco Realty Company, Inc., is a corporation created in March, 1945, by Alfred Scolnick, for the purpose of taking the assignment of the leasehold in question from the defendant, Suburban Apartment Corp. Throughout the dealings, Vinik acted for the defendant corporation, and Scolnick for himself and his assignee, the complainant corporation. On March 26th, 1945, Vinik, representing the defendant, and Scolnick, representing the complainant, together with their lawyers, met pursuant to agreement for the closing of the deal. At this meeting there was delivered to Scolnick the following copy of a corporate resolution of the defendant, signed by all the directors thereof and certified by Miriam Vinik, the secretary of said corporation:

"A special meeting of the Board of Directors of the Suburban Apartment Corp., a corporation of the State of New Jersey, was held on the 24th day of March, 1945, at 2 o'clock in the afternoon. at Room 1611 in the office building at 26 Journal Square, Jersey City, New Jersey.

"All of the directors were present and all waived written notice of said meeting which is indicated by their signature to these minutes. Julius Vinik the president of the corporation presided.

"Mr. Vinik stated that on January 9, 1945, he executed an authorization to J. I. Kislak Inc. at 32 Journal Square, Jersey City, New Jersey, to sell the corporation's leasehold covering No. 2822, No. 2824 and No. 2826 Hudson Boulevard, Jersey City, for the sum of Thirty Thousand ($30,000.00) Dollars, for a commission of ten percent (10%) of the purchase price. He further stated that he was informed by J. I. Kislak Inc. that a purchaser for same had been procured, the Al-Sco Realty Company, Inc. Thereupon a motion was duly made and seconded to the effect that the corporation, by its proper corporate officers, execute and deliver an assignment of said lease-hold to the said Al-Sco Realty Company, Inc., for a consideration of Thirty Thousand ($30,000.00) Dollars. Upon receipt thereof, to pay the said J. I. Kislak Inc. a commission of ten percent (10%) of the purchase price. The motion was unanimously carried.

"There being no further business the meeting adjourned.

s/ JULIUS VINIK
s/ MIRIAM VINIK
s/ MAX BRUSTIN

"I hereby certify that the foregoing is a true copy of the minutes of the special meeting of the Board of Directors of the Suburban Apartment Corp., held on March 24th, 1945, and that the signatures are the true and actual signatures of all of the members of the Board of Directors of said corporation.

s/ MIRIAM VINIK<br>Secretary."

The parties, having spent several hours in making the necessary adjustments, proceeded to make up the closing statement. Vinik then, for the first time, insisted that the cash amount to pass to Suburban should be $30,000 over and above the amount of the mortgage which, he further insisted, should be assumed by the purchaser. The complainant offered to pay $30,000 by assuming the first mortgage and paying the balance in cash, but this Vinik refused to accept. Thereafter, the complainant filed its bill for specific performance.

The appellant contends that specific performance should not have been granted by the court below, because there was no memorandum in writing sufficient to overcome the Statute of Frauds. The copy of resolution of acceptance set forth above, which is signed by all the directors and certified by the secretary, is a memorandum containing the names of both buyer and seller, a sufficient description and a definite purchase price, and its delivery to the buyer is sufficient to take this case out of the Statute of Frauds. *Gross* v. *Riverview Farms, Inc., 140 N. J. Eq. 175; Peejay Corp.* v. *City of Newark, 136 N. J. Eq. 31.*

The decree under appeal is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ.    13.

*For reversal*—None.